## Moors v. Gilbert, et al.

(Decided December 11, 1917.)

### Appeal from Daviess Circuit Court.

1. Contracts—Breach—Insolvency and Failure of Personal Performance as Breach.—Where the consideration of an assignable contract of sale of a limited license to manufacture and sell a

hoisting engine, protected by patent owned by grantor, was that $1,000.00 was to be paid to and used by grantor in manufacturing a model engine for demonstration purposes, and the grantee should furnish all additional capital to develop the invention and promote its manufacture and sale, and where the assignee of grantee is complying with the terms of the contract, there was no breach of the contract of sale because the grantee became insolvent or did not personally perform the contract.

2. Contracts—Assignment—Ratification.—Where grantor in a contract of sale of a shop right knew and consented to an assignment of the contract and accepted from the assignee, through the grantee in the contract, $1,000.00 part consideration of the contract, he thereby ratifies the assignment.

3. Contracts—Assignment—Substitution.—Where an assignment of a contract of sale of shop right is valid, the grantor in such contract cannot be substituted to the rights of the assignor secured by the transfer.

C. W. WELLS and W. FOSTER HAYES for appellant.

R. M. HOLLAND for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant, who was plaintiff below, instituted this action, seeking a rescission of a contract of sale, executed by him to Gilbert Brothers, of a certain shop right or limited license to manufacture and sell a hoisting engine, which was protected by a patent owned by plaintiff. A demurrer to the petition, as finally amended, was sustained, and the petition dismissed, from which judgment plaintiff has appealed.

In the petition, it is alleged in substance that the true consideration therefor, not expressed in the contract, was that Gilbert Bros., a partnership composed of Hugh, Roy, Guy and James W. Gilbert, would pay to plaintiff $1,000.00, to be used by him in the manufacture of a sample, or model, engine to demonstrate the practicability and value of the invention; and, after this sample engine had been made and the value of the invention demonstrated, to furnish all additional capital necessary for the purpose, and to promote and develop the invention and its manufacture and sale; that Gilbert Bros., and each of them, stated and represented to plaintiff that they had the necessary capital to carry out their part of the contract, upon which representation plaintiff relied and was induced thereby to execute the contract, but that, in fact, Gilbert Bros., at the time, theretofore and continuously thereafter, were insolvent, having made an

assignment shortly before the institution of this action; that before their assignment, however, they had paid to plaintiff the $1,000.00, which they obtained by organizing a corporation, the Rotary Hoisting Engine Company of America, and by causing that corporation to issue one hundred shares of its stock to different persons, who paid therefor $10.00 per share; that in consideration of this issue, and five hundred and ten additional shares of stock, Gilbert Bros. transferred to the corporation all their rights acquired from appellant under the contract; that plaintiff used all of the $1,000.00 thus paid him in the manufacture of a sample engine, which demonstrated the merits and practicability of the engine, but that Gilbert Bros. wholly failed to carry out their agreement, or to furnish any additional money or capital, or to do anything further towards complying with the contract or developing or promoting the invention. The assignee, W. S. Hazel, and the Rotary Hoisting Engine Company of America were also made defendants. The petition concludes with a prayer for a cancellation of the contract, so far as Gilbert Bros. are concerned, and that they be compelled to surrender to plaintiff the stock held by them in the corporation, Rotary Hoisting Engine Company; that defendants be restrained from transferring such stock to any one else, for a disclosure of the present ownership of the stock issued to Gilbert Bros., for costs, and "for all just, proper and equitable relief."

In the amended petition, plaintiff offered to repay to the parties furnishing same, or to whomever the court should direct, the $1,000.00, with interest, upon the cancellation of the contract and his being placed in the same condition he was before the contract was executed, or upon transfer to him of all the stock of the Rotary Hoisting Engine Company.

The contract, by its terms, conveys to Gilbert Bros. the exclusive right to manufacture and sell, "and to grant to others" the right to manufacture and sell the invention, a rotary engine, with the limitation that such engines are to be manufactured, sold and used for hoisting purposes only by "Gilbert Bros. and their assigns."

The right of Gilbert Bros. to transfer or to sell the contract is not attacked, nor is it alleged that the Rotary Hoisting Engine Company of America is not able to, or is not manufacturing, developing and promoting the invention; or that it did not, in good faith, purchase the contract, which, on its face at least, was authorized by

the plaintiff; nor is a cancellation sought against it, but rather plaintiff seeks only to be substituted in that corporation to such interests and rights therein as Gilbert Bros. have acquired by and through the contract; in other words, it is not the cancellation of the contract plaintiff is seeking by his petition, but only whatever advantages Gilbert Bros. have derived from the sale of it. That this is true is not only apparent from the petition as amended, but is practically confessed by counsel for plaintiff in their brief, because they argue that he is certainly entitled to some relief, and if a cancellation against Gilbert Bros., the only specific relief asked, cannot be had the court, under the prayer "for all just, proper and equitable relief" ought to grant any relief which may be due him, although it is not even suggested what relief, other than a cancellation of the contract or a substitution to the rights of Gilbert Bros. in the engine company, could be awarded him; nor do we know what he wants or could have, if he may not have a cancellation or a substitution.

That the petition does not authorize a cancellation of the contract is plain because no reason is assigned for its cancellation in the hands of the engine company, and it cannot, of course, be cancelled otherwise, because Gilbert Bros. have assigned and transferred to the engine company their every right thereunder, and no longer have any interest therein, except as stockholders in the engine company.

Assuming as true every allegation of the petition, as upon demurrer must be done, it is not apparent how Gilbert Bros. have, in any way, violated the contract, or plaintiff has been damaged, for if the engine company is carrying out the contract for Gilbert Bros., which presumably it is doing, as this is not denied, the only possible breach is that Gilbert Bros. did not themselves personally, rather than through another, perform the contract. Certainly the contract is not susceptible of any such narrow construction, nor is it alleged such was its meaning.

Moreover, plaintiff ratified the assignment of the contract to the engine company, which he alleged furnished Gilbert Bros. the $1,000.00 paid to him. So, it is perfectly obvious the contract cannot be cancelled, for, unless it is valid, the engine company has nothing and plaintiff has procured $1,000.00 of its money under very peculiar circumstances. This very evident prop-

osition, no doubt, accounts for plaintiff's failure to ask for a cancellation against the engine company, and, unless cancelled as to it, the contract is, of course, not cancelled at all, because the corporation, and not Gilbert Bros., is now the only party, other than plaintiff, to the contract, and that too with the knowledge and consent of plaintiff.

The contract being recognized as valid in the hands of the engine company, under the assignment from Gilbert Bros., and the ratification of plaintiff, as it must be under the allegations of the petition, under what principle of law or justice is plaintiff entitled to be substituted in the place of Gilbert Bros., to any advantages secured to themselves by that transfer, or to any other relief? We confess our ignorance and counsel for plaintiff have not enlightened us on this point, although they discuss thoroughly and ably many interesting, but inapplicable, questions of law, and, to our minds, the mere statement of the proposition is its sufficient refutation.

Wherefore, the judgment is affirmed.